# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| TONY BLAKELY, ) | |
| ) | |
| Plaintiff ) | |
| ) | JUDGE |
| ) | |
| v. ) | JURY DEMAND |
| ) | |
| AUSTIN PEAY STATE ) | Docket No. |
| UNIVERSITY, (hereinafter Defendant) ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT FOR RELIEF AND DAMAGES

Comes now Tony Blakely by and through his attorney James W. Edwards, the Federal Rules of Civil Procedure, and Local Rules of Practice of the United States Court for the Middle District of Tennessee, and hereby sues Austin Peay State University for relief and damages as follows:

### INTRODUCTION

Plaintiff Tony Blakely (hereinafter Plaintiff) submitted an application for employment for the position of Assistant Chief of Police of the Austin Peay University Police force to the school on August 29, 2019. Plaintiff was qualified for the position based on his training and experience, and he falls into the status of two protected classes based on his race (African American) and his age (52 at the time of the event underlying this claim)

Plaintiff was notified on December 2, 2019 that a significantly younger white female with less experience was chosen for the position.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission alleging discrimination. This complaint led to an attempt at mediation which failed. Plaintiff was issued a Right to Sue letter on March 5, 2021 (**see Exhibit 1**) and this lawsuit is filed pursuant to that letter.

## JURISDICTION AND VENUE

Venue is proper in this matter because the complaint involves Federal Questions, violation of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000 et seq and the Age Discrimination in Employment Act (ADEA) 29 U.S.C. 621 et seq.

## THE PARTIES

1. The Plaintiff, Tony Blakely, is an African American resident of Clarksville, Montgomery County, Tennessee who occupies two protected classes of individuals based upon race and age.

2. Defendant Austin Peay State University is a public university of the State of Tennessee, governed by its Board of Trustees.

## FACTS

3. Plaintiff submitted an application for the open position of Assistant Chief of Police on August 29, 2019.

4. Plaintiff was interviewed via Zoom on October 8, 2019.

5. Based upon information and belief, Defendant subsequently modified the qualifications for the position of Assistant Chief by lowering the requirements in order to enable Kristi Winters to qualify for the position.

6. Defendant took the actions in paragraph 5 intentionally, fraudulently, and recklessly to effectively preclude other applicants from being selected and to enable Kristi Winters to be chosen as Assistant Police Chief.

7. Had the Defendant not modified the qualifications as stated in paragraph 5, Ms. Winters would not have qualified for the position of Assistant Police Chief.

8. Plaintiff had superior credentials to those of Ms. Winters.

9. On Monday December 2, 2019, Plaintiff received an email from Defendant advising him that another qualified candidate was hired to fill the position.

10. On December 18, 2019 Plaintiff asked Defendant who was chosen for the position and what criteria was used in selecting the successful candidate.

11. In response to Plaintiff's inquiry, he received a response from Defendant's HR department that Kristie Winters, a significantly younger white female, was named Assistant Chief of public safety.

12. The Defendant stated the criteria for selection was listed in the job description posted in August 2019.

13. On January 9, 2020, Plaintiff sent a letter to Shelia Bryant in Defendant's HR Department regarding the selection process, advising her that he believed he was denied an equal opportunity for the position despite his exceptional qualities and significant experience of some thirty (30) years in police work.

14. The process Defendant used to select Ms. Winters was biased against Plaintiff because of his race and his age.

15. On February 12, 2020, Shelia Bryant sent Defendant a reply to his letter of January 9, 2020 telling him that members of the search committee followed equal employment opportunity procedures and guidelines in the execution of their duties.

16. On May 6, 2020 Plaintiff filed a complaint with the U.S. Equal Opportunity Commission alleging that he was discriminated against by Defendant.

17. On June 8, 2020 Plaintiff received a letter from Chris Wing, Senior Federal Mediator EEOC, advising that Defendant wanted to mediate this dispute on July 8, 2020.

18. Mediation was held but was unsuccessful when Defendant offered Plaintiff no more than $35,000 which Plaintiff refused.

19. In March 2020, Defendant was advised that the EEOC would not proceed further.

20. Plaintiff received a Right to Sue letter from the EEOC that was issued on March 5, 2021.

21. The aforementioned Right to Sue letter states that the EEOC will not proceed further with its investigation, that it does not certify that Defendant is in compliance with the statute, and that this does not mean the claims have no merit.

**COUNT I – UNLAWFUL DISCRIMINATION BY FAILURE TO HIRE A QUALIFIED INDIVIDUAL IN A PROTECTED CLASS IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED**

22. Plaintiff falls into a protected class of individuals under the Civil Rights Act of 1964 as amended (African American.)

23. Plaintiff applied for the for the position of Assistant Police Chief.

24. Plaintiff is qualified for the position of Assistant Police Chief based on his knowledge, education, training, skills, and experience.

25. Plaintiff was denied the position of Assistant Police Chief by Defendant and a less qualified significantly younger white female was selected to fill the position.

26. Plaintiff has suffered damages as a consequence of Plaintiff's discriminatory behavior.

## COUNT II – AGE DISCRIMINATION

27. Plaintiff was a member of a protected class (age 52 at the time of Defendant's action.)

28. Plaintiff was qualified for the position of Assistant Chief of Police (public Safety.)

29. Defendant failed to hire Plaintiff.

30. Defendant hired a less qualified individual of a significantly lower age.

31. **COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32. Defendant engaged in conduct that was intentional or reckless, so outrageous as to not to be tolerable by a civilized society and which resulted in serious mental injury to Plaintiff.

33. As a result of Defendant's behavior, Plaintiff has suffered from insomnia, depression, and similar physical manifestations of emotional distress.

**WHEREFORE, PLAINTIFF PRAYS THIS HONORABLE COURT WILL GRANT RELIEF AS FOLLOWS:**

1. That proper process be issued and served upon the Defendant requiring it to answer this Complaint in the time allotted by law;

2. That Plaintiff be awarded damages for lost wages, salary, employment benefits, for the period since the date he was denied employment to the position of Assistant Chief of Police.

3. That Plaintiff be awarded Front pay based upon Plaintiff's future had he been hired; and the present value of future damages through application of the appropriate discount rate.

4. That this Court award Plaintiff the amount of $100,000 for the Count of Infliction of Emotional Distress.

5. That Plaintiff be awarded Punitive Damages of not less than $500,000 arising from the Defendant's intentional, fraudulent, malicious or reckless behavior.

6. That this Court order Defendant to pay all costs associated with this action, including Plaintiff's attorney fees and discretionary costs and expenses.

7. That this Court Grant such other relief as this honorable Court may find as appropriate.

Corley Henard Lyle Levy & Langford PLC

/s/ *James W. Edwards*
James W. Edwards, BPR No. 35601
Attorney for Plaintiffs
177 East Main Street,
Lancaster Building, Suite 4
Hendersonville, TN 37075
Tel 615-590-7005
Fax 615-590-7768
Email lawyerjim41@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a complete true and accurate copy of the foregoing Complaint has been sent by first class United States Postage prepaid, to the following this the 1st day of June, 2021.

Austin Peay State University
C/O Office of the Attorney General and Reporter
State of Tennessee
P.O. Box 20207
Nashville, Tennessee 37202-0207

/s/ *James W. Edwards*
James W. Edwards