UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONY BLAKELY, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 3:21-cv-0425 |
| AUSTIN PEAY STATE UNIVERSITY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

After a white female was selected to be Assistant Police Chief at Austin Peay State University, Tony Blakely, a "significantly older" black male, filed suit alleging race and age discrimination in violation of Title VII of the Civil Rights Act (42 U.S.C. 2000e *et seq.*) and the Age Discrimination in Employment Act (29 U.S.C. 621 *et. seq.*), respectively. He also asserted causes of action under state law for the intention infliction of emotional distress and fraud.

In response to Defendant's pending Motion to Dismiss (Doc. No. 18), Blakely concedes that his age discrimination, emotional distress, and fraud claims are barred by the Eleventh Amendment. (Doc. No. 25 at 6). Thus, the only question left for consideration is whether the Amended Complaint (Doc. No. 14) states a plausible claim for relief when the well-pleaded factual allegations are accepted as true and all reasonable inferences are drawn in Blakely's favor. Courtright v. City of Battle Creek, 839 F.3d 513, 518 (6th Cir. 2016). It does.

### I. Factual Allegations

Because the relevant factual allegations in the Amended Complaint are few in number and Defendant's motion hinges on the specificity of those allegations, the Court sets them out in full:

3. Plaintiff submitted an application for the open and advertised position of Assistant

Chief of Police on August 29, 2019.

4. Defendant modified the qualifications for the position of Assistant Chief in order to avoid hiring Plaintiff who is a member of two protected classes (African American and age 52) and to enable Kristie Winters to qualify for the position.

5. Defendant then hired Ms. Winters as Assistant Police Chief.

6. Defendant APSU was warned in an email dated August 15, 2019 from Defendant's own Equal Opportunity Compliance Officer/Investigator Steve Grudzinski, to APSU's Assistant Director of Human Resources, Fonda T. Fields, that it appeared to him that "they are trying to pull a fast one" with the requirement of five years of related work experience in university law enforcement.

7. Plaintiff possesses other written communications to be presented at trial which support the allegations contained in this complaint.

8. Despite the prior warnings issued by its own EEO Compliance Officer/Investigator, Defendant knowingly took the actions described in paragraph 4 and paragraph 5 intentionally, fraudulently, and recklessly in order to preclude Plaintiff from being selected, and to enable a less qualified individual falling in an unprotected classification to be chosen as Assistant Police Chief.

9. Plaintiff had superior credentials to those of Ms. Winters and falls into two protected classes because of his race and his age.

10. Defendant modified the qualifications for Assistant Police Chief in hopes of providing cover for itself against a potential claim for hiring discrimination.

11. On Monday December 2, 2019, Plaintiff received an email from Defendant advising him that another qualified candidate was hired to fill the position.

\*             \*             \*

15. The process Defendant used to select Ms. Winters was biased against Plaintiff because of his race and his age and the sham posting of a job opening which Defendant knew would not be offered to the Plaintiff.

(Doc. No. 14, Am. Cmpl. §§ 3-11, 15) (internal citations omitted). Attached to the Amended Complaint is Gudzinski's email and his affidavit in which he states that "[b]ased upon my knowledge of the circumstances surrounding APSU's failure to hire Mr. Blakely, it is my belief that

2

APSU reduced the qualifications for the position of Assistant Police Chief in order to enable Kristi Winters to be hired," and APSU "wanted to hire an internal employee for the job." (Doc. No. 14-4, Grudzinski Aff. ¶¶ 5-6).[1]

## II. Application of Law

To survive dismissal under Rule 12(b)(6), the Amended Complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Blakely's Amended Complaint more than plausibly states a claim for race discrimination.

In arguing that it does not and instead contains only "conclusory allegations and formulaic recitations" (Doc. No. 19 at 6), Defendant relies almost entirely on Veasy v. Teach for Am., Inc., 868 F. Supp. 2d 688 (M.D. Tenn. 2012). Veasy, a 64-year-old black male, filed an employment discrimination suit when he was not selected for a teaching position through Teach for America ("TFA"). Veasy was unquestionably qualified for the position, but he was not chosen while younger, white teachers were. As support for his claim that race and age played a factor, Veasy alleged that

---

[1] Because Grudzinski's affidavit and email are referenced in, and central to, Blakely's Amended Complaint, the Court may consider both in the context of the pending motion to dismiss, without converting the motion into one for summary judgment. Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001); Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir.1997). Defendant does not argue otherwise, and discusses both in its motion to dismiss.

3

Case 3:21-cv-00425 Document 32 Filed 03/14/22 Page 3 of 6 PageID #: 127

during the final interview process "'a female (approximately 23 years old), asked plaintiff if he was in the right room,' told him 'that the room was for TFA interviews' and that '[w]e've never had an older person here before.'" Id. at 693 (internal citation to record omitted). Veasy, however, did not, "allege that this individual was a TFA representative and, if so, whether that individual appeared to have any influence on the disposition of [his] application." Id. Veasy also claimed that, while awaiting the final interview, he noticed the vast majority of the finalists were white, and argued that because he was not told the reason for his non-selection when he later asked, this raised a "red-flag" suggesting discrimination. Judge Aleta A. Trauger of this Court found plaintiff's allegations to be insufficient, writing:

> These bare allegations do not state a facially plausible claim of race discrimination. Even if Veasy "noticed" that a "majority of other finalists were white," that fact alone does not suggest any discriminatory animus by TFA with regard to its denial of Veasy's application or, for that matter, with respect to its hiring process generally. To the contrary, Veasy's own allegations suggest that a number of the finalists were people of color and, tellingly, TFA selected Veasy (an African–American) for a final interview after an initial interview screening process. Moreover, Veasy does not allege that TFA employees made any statements concerning his race, nor does he allege that TFA or its employees engaged in any conduct whatsoever that could reasonably be interpreted as racially motivated. Finally, the argument by Veasy's counsel that, as a general matter, defendants possess essentially all relevant information concerning a discrimination plaintiff's claims, thereby "always" entitling plaintiffs to discovery, is not well-taken.

Id. at 696.

To be sure, and as Defendant points out, there are some parallels between Blakely's allegations and those made in Veasy. Respectfully, however, Veasy is not controlling authority and, in any event, is distinguishable.

Here, unlike in Veasy, Defendant's own EEO compliance officer raised the specter that changing the qualifications could be problematic and might even be seen as "trying to pull a fast

4

one[.]" Doc. No. 14-4 at 4). It may be, as Defendant argues and Grudzinski suggested in his affidavit, that the change in qualifications was done simply so that Ms. Winters could be promoted to Assistant Chief. However, Grudzinski is not the one who decided to change the qualifications. Others will have to speak to that. Additionally, while Defendant argues that the change in qualifications could not have been undertaken for a discriminatory purpose because it was done before Blakely even applied, the opposite may just as well be true – Defendant was going to hire a younger white female, regardless of the applications it received.

This is not to say that Title VII by its terms prohibits employers from preselecting individuals for positions. To the contrary, "preselection based on qualifications creates no Title VII problem." Harris v. City of Akron, 836 F. App'x 415, 421 (6th Cir. 2020) (citing Goostree v. Tennessee, 796 F.2d 854, 861 (6th Cir. 1986)). Nevertheless (and ignoring that Winters apparently was not qualified until the change was made), "[e]vidence that a hiring committee preselected another candidate can discredit an employer's proffered explanation for its employment decision." Leisring v. Clerk of Hamilton Cty. Mun. Ct., 838 F. App'x 956, 959 (6th Cir. 2020) (citing Stokes v. Detroit Pub. Schs., 807 F. App'x 493, 503 (6th Cir. 2020)).[2] Only discovery can show the real reason why Winters was chosen over Blakely and the other applicants, and whether that reason was nondiscriminatory.

### III. Conclusion

On the basis of the foregoing, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to Blakely's claims for age

---

[2] The Court recognizes that it need not consider the burden-shifting approach when addressing a motion to dismiss, but instead "the ordinary rules for assessing the sufficiency of a complaint apply." Peidra v. Ky. Baptist Homes for Child, Inc., 579 F3d 722, 728 (6th Cir. 2009) (citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 511 (2002)). This presents all the more reason why the Amended Complaint should not be dismissed because Grudzinski's email about "pull[ing] a fast one" creates more questions than it answers.

discrimination, fraud, and emotional distress (Counts II to IV) and those Counts are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** with respect to Blakely's race discrimination claim (Count I). The file is returned to Magistrate Judge Newbern for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE